**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DECHRA LIMITED, et al.,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**HORSEPRERACE d/b/a** )<br>**HORSEPRERACE.COM,** )<br>)<br>Defendant. )<br>_____) | Case No. 15-9144-CM |

**MEMORANDUM AND ORDER**

Dechra Limited and Dechra Veterinary Products LLC ("Dechra") bring suit against Horseprerace d/b/a Horseprerace.com ("HPR"), alleging patent infringement, unfair competition, and false advertising. (Doc. 1.) Before the court is Dechra's Motion Pursuant to Fed. R. Civ. P. 55(b) for Entry of Default Judgment (Doc. 21).

The Federal Rules of Civil Procedure mandate a two-step process for a party seeking a default judgment in its favor. *Williams v. Smithson*, No. 95-7019, 1995 WL 365988, at *1 (10th Cir. June 20, 1995). First, the party must request the clerk to enter default on the docket. Fed. R. Civ. P. 55(a); *see also Williams*, 1995 WL 365988, at *1 (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). Second, following the entry of default, "the party entitled to a judgment by default shall apply to the court." Fed. R. Civ. P. 55(b)(2). If the damages sum is not certain or capable of easy computation, the court may conduct hearings or order referrals as necessary. *Applied Capital, Inc. v. Gibson*, 558 F. Supp. 2d at 1202; *see* Fed. R. Civ. P. 55(b)(2)(B) ("The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages."). "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a

-1-

demonstration by detailed affidavits establishing the necessary facts." *Tebbets v. Price Sec.*, No. 93-2129-JWL, 1995 WL 28967, at *3 (D. Kan. Jan. 20, 1995).

Here the court finds the following facts:

1. Dechra filed the complaint (Doc. 1) on June 26, 2015.  Dechra claims that HPR attempted to conceal its corporate locations and operational facilities and that, as a result, Dechra experienced difficulties attempting to serve HPR with the complaint and summons by traditional means.  On October 21, 2015, the court granted Dechra's motion to effect service by alternative means, namely by email to HPR's email address of info@horseprerace.com.  (Doc. 16.)

2. Dechra formally effected service on HPR on October 26, 2015, via court-approved email service.  Dechra filed its proof of service on October 29, 2015.  (Doc. 17.)  To date, HPR has failed to answer or otherwise respond to the complaint.

3. On January 4, 2016, Dechra filed an Application for Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a), which was granted on January 5, 2016.  (Doc. 20.)

Dechra seeks default judgment and asks the court to award costs and attorneys' fees.  In support, Dechra has submitted the affidavit of New York attorney Todd Nosher.  (Doc. 23.)  Mr. Nosher declared under penalty of perjury that Dechra had to date incurred $400.00 in filing fees, (*id.* ¶ 14); $85.00 in process serving fees, (*id.* ¶ 15); and $48,445.50 in attorneys' fees, (*id.* ¶ 20).  Remarkably, Dechra does not submit any documentation to the court or otherwise set forth how it has incurred $48,445.50 in attorneys' fees prior to HPR's default.  The court recognizes that Dechra had some difficulties in locating HPR, but the court has difficulty imagining a situation in which $48,445.50 would be considered reasonable attorneys' fees on a default judgment.  If Dechra believes it is entitled to this amount (or any other amount of attorneys' fees), Dechra must submit its billing

records so that the court can make a proper determination regarding the amount of reasonable attorneys' fees in this case.  Therefore, Dechra's motion for default judgment is denied without prejudice.  Dechra may refile a motion for default judgment and properly support its request as addressed above.

**IT IS THEREFORE ORDERED** that Dechra's Motion Pursuant to Fed. R. Civ. P. 55(b) for Entry of Default Judgment (Doc. 21) is denied without prejudice.

Dated this 28th day of March, 2016, at Kansas City, Kansas.

s/ Carlos Murguia\_\_\_\_\_
**CARLOS MURGUIA**
**United States District Judge**